### IN THE CIRCUIT COURT OF THE 13ᵀᴴ JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIVIL DIVISION

THOMAS M. ALFONSO
and SHERRY ALFONSO

    Plaintiffs,

vs.

U.S. REPEATING ARMS
COMPANY, INC. and
OLIN CORPORATION

    Defendants.  /

Case Number: 03-CA-205

Division: R

## COMPLAINT

1. This is an action for damages which exceed fifteen thousand dollars ($15,000.00).

2. Within the firearms industry, Winchester is an old and well known brand name for both ammunition and firearms.

3. In modern times, the Winchester logo has become owned, controlled and marketed by U. S. Repeating Arms Company, Inc. (Repeating Arms) for firearms and by the Olin Corporation (Olin) for ammunition.

4. Consumers buy firearms and ammunition bearing the Winchester logo because of their excellent reputation for quality and value.

5. Olin is a foreign corporation registered to conduct business in Florida.

6. Both Olin and Repeating Arms have sales representatives and other agents conducting business in Florida.



EXHIBIT A

7. On December 11, 1999, Thomas Alfonso was "sighting in" a Winchester Model 70 Sporter rifle, cal. .243, serial # G2105840. The rifle was manufactured and placed in the stream of commerce by Repeating Arms.

8. The ammunition Mr. Alfonso was using on that date was Winchester Super X, 100 gr. Power Point S. P., with bar code 20892004. The ammunition was manufactured and placed in the stream of commerce by Olin.

9. When Mr. Alfonso fired the rifle with the ammunition, the rifle came apart and allowed metal and gasses to escape and strike Mr. Alfonso in the face and body.

10. The rifle and ammunition were both purchased new in Hillsborough County, Florida.

11. The rifle and ammunition were properly stored and prepared for use by Mr. Alfonso and were not altered, modified, abused, or misused in any way prior to December 11, 1999.

12. On December 11, 1999, both the rifle and the ammunition were in the same condition they had been when placed in the stream of commerce by the respective manufacturers.

13. Repeating Arms expected the rifle would reach the consumer in an unaltered condition and by used without modifications or alterations. Indeed, Repeating Arms warns consumers against altering or modifying their firearms.

14. Similarly, Olin expected the ammunition to reach the consumer and be used by the consumer without modifications or alterations.

## COUNT I

15. The rifle or the ammunition, or both, were in a condition unreasonably dangerous to the consumer when placed in the stream of commerce by the respective manufacturers.

16. The rifle was unreasonably dangerous and defective because it was not capable of containing the pressure and gasses created by the discharge of ammunition and/or caused a rupture or other malfunction of the ammunition used.

17. The ammunition was unreasonably dangerous and defective in that it either had a case which was insufficient to withstand the pressures incurred upon discharge of the ammunition or was loaded to a level where the pressures generated at discharge were unreasonably high and incapable of being contained by the firearm.

18. As a result of the defect in one or both of the products, Thomas Alfonso was injured.

WHEREFORE, Plaintiffs demand judgment for damages and costs against Defendants and respectfully request a trial by jury.

## COUNT II

19. Plaintiffs reallege paragraphs 16 and 17 above.

20. Because of the defects in one or both of the products, the products were not reasonably fit for the uses Repeating Arms and Olin expected them to be put.

WHEREFORE, Plaintiffs demand judgment for damages and costs against Defendants and respectfully request a trial by jury.

## COUNT III

21. Plaintiffs reallege paragraphs 16 and 17 above.

22. Olin and Repeating Arms knew the ammunition would be placed in the rifle and fired when the products were placed in the stream of commerce.

23. Thomas Alfonso purchased the products relying on the Winchester name and the judgment of Olin and Repeating Arms that the products were reasonably fit for the intended purpose of use as a firearm and ammunition.

24. The rifle or ammunition, or both, were not fit for their intended purpose in that when Thomas Alfonso attempted to use them as intended, he was injured because of a malfunction.

WHEREFORE, Plaintiffs demand judgment for damages and costs against Defendants and respectfully request a trial by jury.

## COUNT IV

25. Plaintiffs reallege paragraphs 16, 17, 23, and 24.

26. Olin and Repeating Arms both advertise and warrant they have high quality control standards in the manufacturing process and stringent inspection standards of the finished products.

27. As such, both Olin and Repeating Arms owe a duty to consumers such as Thomas Alfonso to exercise reasonable care in the manufacturing and inspecting of their products.

28. Olin or Repeating Arms, or both, were negligent in the manufacturing and inspection process by failing to prevent or detect the defects in the products they placed in the stream of commerce.

29. As a direct result of the negligence, Thomas Alfonso was injured.

WHEREFORE, Plaintiffs demand judgment for damages and costs against Defendants and respectfully request a trial by jury.

## COUNT V

30. Plaintiffs reallege paragraphs 1 through 29, inclusive.

31. Sherry Alfonso is the wife of Thomas M. Alfonso and has lost her husband's services, comfort, society and attentions in the past and will continue to suffer these losses in the future.

WHEREFORE, Plaintiffs demand judgment for damages and costs against Defendants and respectfully request a trial by jury.

W. JAMES KELLY, P.A.

_____
C. Kenneth Stuart, Jr., Esquire
Florida Bar Number 309125
Post Office Box 2177
Lakeland, Florida, 33806-2177
(863) 688-2405
(863) 682-7818-Facsimile
Attorney for Plaintiffs

# W. JAMES KELLY, P.A.

ATTORNEYS AND COUNSELORS AT LAW
TRIAL PRACTICE — PERSONAL INJURY
& WRONGFUL DEATH
WORKERS' COMPENSATION
TRIAL PRACTICE — GENERAL

W. JAMES KELLY
C. KENNETH STUART, JR.
TIMOTHY O. COYLE

TOLL FREE 1-888-398-1526
E-MAIL: jkellypa@verizon.net

PLEASE REPLY TO LAKELAND ADDRESS

1525 SOUTH FLORIDA AVENUE
POST OFFICE BOX 2177
LAKELAND, FLORIDA 33806-2177
(863) 688-2405
FAX (863) 682-7818

144 EAST CENTER AVENUE
SEBRING, FLORIDA 33870
(863) 471-9662

January 7, 2003

*03-CA-205*

Richard L. Ake, Clerk
 of Hillsborough County
302 North Michigan Avenue
Plant City, Florida, 33566

Re: Alfonso vs. U.S. Repeating, et al

Dear Sir:

I enclose a Civil Cover Sheet, Complaint, Summonses and copies of same. I would appreciate your issuing the Summonses and returning them to me. I enclose a self addressed stamped envelope for the return of these documents. Our firm check in the amount of $205.00 is enclosed to cover the cost of filing.

Thank you for your cooperation in this matter.

Very truly yours,

W. JAMES KELLY, P.A.

C. Kenneth Stuart, Jr.

CKSJr/clp

enclosures



**Last Name**: ALFONSO
**First Name**: AIDA
**Middle Name**: S
**License Number**:
**DOB (mm/dd/yyyy)**:

**Street Address**:
**City**:
**State**:
**Zip**:
**SSN**:

**Phonetic Search**:

**Output Type**: ⦿ Formatted HTML   ○ Cut and Paste / Printer Friendly Text (No Reports)

**Important**: The Public Records and commercially available data sources used in this system have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified.

**Reference**: 99998-99!

**Note**: Not all of the information contained in these search results is derived from governmental agencies. Some information may have been enhanced by additional sources.

        **Search completed**        **Records: 1 to 1 of 1**

      

Name - **AIDA SHERRY ALFONSO**
Address - **9401 N ROME CIR, TAMPA FL 33612-7634**
State - **Florida**
County - **HILLSBOROUGH**
License Type - **Non-Commercial - Regular Operator License**
Record Type - **Current**
License Number - **A415-017-62-647-0**
SSN - **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**
DOB - **Apr 27, 1962**
Sex - **Female**
Race - **Hispanic**
Height - **5'08**

Attention Flag - **ORGAN DONOR**
Exp. Date - **Apr 27, 2005**
Issue Date - **Oct 28, 1998**
Restrictions - **Corrective Lenses**

**Records: 1 to 1 of 1**

EXHIBIT _B_



**ROB TURNER, CFA**
**Hillsborough County**
**Property Appraiser**
**Online Inquiry System**

Internet Site

*You cannot bookmark this page. These results were retrieved from a database - your browser will not read it correctly the next time it is opened. Please print the information you have obtained for your records.*

## PIN:         A-23-28-18-3DN-000027-00006.0
## Folio:       097618-0000
## Prior PIN:   - - - - - - .
## Prior Folio: 000000-0000

ALFONSO THOMAS M

9401 N ROME CIR

TAMPA, FL 33612-7634

Tax District:    TEH TAMPA
DOR Code:        0100 SINGLE FAMILY R
Plat Book/Page:  0027/0022

Summary - Sales - Land - Extra Features - Trim - Legal - Map - Similar Sales - Tax Records

Building 1

| Value Summary | |
|---|---|
| Building Value | $62,444 |
| Extra Feature Value | $2,957 |
| Land Value (Market) | $29,820 |
| Land Value (Agriculture) | $0 |
| Just (Market) Value | $95,221 |
| Assessed Value (A10) | $73,359 |
| Exempt Value | $25,000 |
| Taxable Value | $48,359 |

## Sales History

| Off. Record | | Date | | Type Inst | Qualified or Unqualified | Vacant or Improved | Sales Price |
|---|---|---|---|---|---|---|---|
| Book | Page | Month | Year | | | | |
| 4943 | 1479 | 10 | 1986 | WD | Qualified | Improved | $58,000 |
| 3543 | 1522 | 07 | 1979 | WD | Qualified | Improved | $34,500 |
| 2356 | 0779 | 01 | 1971 | | Qualified | Unknown | $2,500 |

## Building 1

| | | | Quality | Effective | | | | | |
|---|---|---|---|---|---|---|---|---|---|

| Type | Model | Eff. Area | Index | Base Rate | Repl. Cost New | AYB | EYB | Econ | Fnct | Norm | % Con |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | 01 | 1,419 | 113 | $55.88 | $79,294 | 1972 | 1972 | 0 | 0 | 0.00 21.25 | 78.75 |

## Building Characteristics

9401 N ROME CR

| Element | Code Construction Detail |
|---|---|
| Exterior Wall 1 | 15 Concrete Block |
| Exterior Wall 2 | 0 None |
| Roof Structure | 3 Gable or Hip |
| Roof Cover | 3 Asphalt/Comp. Shingl |
| Interior Wall 1 | 5 Drywall |
| Interior Wall 2 | 0 None |
| Interior Flooring 1 | 7 Cork or Vinyl Tile |
| Interior Flooring 2 | 0 None |
| Heating Fuel | 4 Electric |
| Heating Type | 4 Force Air-Ducted |
| Air Cond. Type | 3 Central |
| Bathrooms | 1.00 |
| CW Quality | 0 None |
| Common Wall | |
| Wall Height | |
| Rooms / Units | |



USP(L31 D10 BAS(L10 D6 FGR(L15 D22 R15 U22) D22 R13 FOP(D4 R28 U4 L28) R28U28 L31) R31 U10).

## Building Subareas

| Area Type | Total Gross Area | Percent of Base | Total Adjusted Area | Subarea Market Value |
|---|---|---|---|---|
| BAS | 1,148 | | 1,148 | $50,518 |
| FGR | 330 | | 165 | $7,261 |
| USP | 310 | | 78 | $3,432 |
| FOP | 112 | | 28 | $1,232 |
| Totals | 1,900 | NA | 1,419 | $62,444 |

## Extra Features

| LN | OB/XF Code | Description | A1 Bld | A10 | Length | Width | Units | Unit Price | Orig Cond | Year On | AYB | % Cond | OB/XF Mkt Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0620 | UTL WD | 1 | S | 0 | 0 | 400.00 | 10.50 | 1.00 | 1998 | 1998 | 0.88 | $2,957 |

## Land Lines

| LN | Use Code | Land Use Description | A1 0 | R D | Zone | Front | Depth | Total Land Units | UT TP | D T | Depth Fact | Cond Fact | Total Adjust | Land Unit Pr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0100 | SINGLE FAM | S | | RS-50 | 99 | 127 | 99.40 | FF | 1 | 1.00 | 1.00 | 1.00 | 300 |

http://www.hcpafl.org/cgi-bin/re2html?strap=1828233DN000027000060A &flags=1111111   2/14/2003

**Legal Lines**

| L N | Legal Description |
|---|---|
| 1 | TAMPA'S NORTH SIDE COUNTRY CLUB AREA UNIT NO 1 |
| 2 | SOUTHGATE |
| 3 | LOTS 6 AND 7 BLOCK 27 |

**Trim Information**

| Taxing Authority | Base Taxable Value | Additional Exemptions Granted | Taxable Value | Last Year Property Taxes | Proposed Property Taxes | Rollback Property Taxes |
|---|---|---|---|---|---|---|
| General Revenue | $46,222 | $0 | $46,222 | 335.31 | 332.72 | 329.09 |
| By State Law | $46,222 | $0 | $46,222 | 255.45 | 262.54 | 250.58 |
| By Local Board | $46,222 | $0 | $46,222 | 122.31 | 125.03 | 119.98 |
| Tampa | $46,222 | $0 | $46,222 | 294.91 | 302.25 | 291.25 |
| County Library | $46,222 | $0 | $46,222 | 28.97 | 29.69 | 28.38 |
| SWFWMD | $46,222 | $0 | $46,222 | 19.03 | 19.51 | 18.33 |
| Hills River Basin | $46,222 | $0 | $46,222 | 12.85 | 13.17 | 12.64 |
| Port Authority | $46,222 | $0 | $46,222 | 13.08 | 13.40 | 12.83 |
| Children's Board | $46,222 | $0 | $46,222 | 18.81 | 23.11 | 18.44 |
| Transit Authority | $46,222 | $0 | $46,222 | 22.55 | 23.11 | 22.12 |
| Environmental Lands | $46,222 | $0 | $46,222 | 5.74 | 5.27 | 5.27 |
| School I & SF | $46,222 | $0 | $46,222 | 9.47 | 9.71 | 9.71 |
| Totals | | | | 1138.48 | 1159.51 | 1118.62 |

| | Just Value | Assessed | Exemptions | Taxable |
|---|---|---|---|---|
| Current | $91,333 | $71,222 | $25,000 | $46,222 |
| Last Year | $89,595 | $70,100 | $25,000 | $45,100 |



# W. JAMES KELLY, P.A.

ATTORNEYS AND COUNSELORS AT LAW
TRIAL PRACTICE – PERSONAL INJURY
& WRONGFUL DEATH
WORKERS' COMPENSATION
TRIAL PRACTICE – GENERAL

W. JAMES KELLY
C. KENNETH STUART, JR.
TIMOTHY O. COYLE

TOLL FREE 1-888-298-1526
E-MAIL: kellypa@verizon.net

PLEASE REPLY TO LAKELAND ADDRESS

1525 SOUTH FLORIDA AVENUE
POST OFFICE BOX 2177
LAKELAND, FLORIDA 33806-2177
(863) 688-2405
FAX (863) 682-7818

144 EAST CENTER AVENUE
SEBRING, FLORIDA 33870
(863) 471-9662

August 1, 2002

RECEIVED
AUG - 9 2002
HUSCH

William M. Griffin, II, Esquire
2000 Regions Center
400 W. Capitol
Little Rock, Arkansas, 72201

Daniel P. Jaffe, Esquire
100 N. Broadway
Suite 1300
St. Louis, Missouri, 63102

Your Client: United States Repeating Arms Company

Your Client: Olin

My Client: Thomas M. Alfonso
Date of Accident: December 11, 1999

Dear Gentlemen:

Thomas M. Alfonso was injured on December 11, 1999, while on a hunting trip near Society Hill, Alabama. Mr. Alfonso went to a shooting range and loaded his Winchester model 70 Sporter Rifle with a Winchester Super X100gr Power Port SP X2 432 bullet. On his first shot, the rifle exploded in his face.

Immediately following the accident, Mr. Alfonso was taken to the emergency room at the hospital in Opelika, Alabama with symptoms of shrapnel in his right eye and nose, facial puncture wounds and abrasions and injury to his right thumb. The emergency room physician who treated him ordered a CT scan which showed metallic fragments from his right eye down to his lip and inside his left nasal cavity. The physician also found two or three small metallic pieces of shrapnel buried within his cornea which could not be removed. Additionally, an x-ray was taken of his right thumb which showed numerous metallic densities in his thumb.

Finally, Mr. Alfonso was sent to a nearby ophthalmologist who unsuccessfully attempted to remove the shrapnel from his eye by buffing the cornea. Since the procedure only removed some of the shrapnel, Mr. Alfonso was prescribed eye medication. Ultimately, Mr. Alfonso was discharged with instructions to seek follow up medical attention when he returned home to Tampa, Florida.

Accordingly, Mr. Alfonso consulted the Tampa Eye Clinic on December 13, 1999, with eye soreness and irritability. The eye doctor examined him and diagnosed foreign

EXHIBIT C

bodies in his right eye. The doctor informed Mr. Alfonso that removing the shrapnel could possibly cause more damage in their removal than by leaving them in place. Consequently, the doctor prescribed additional medicine and advised follow up care. Mr. Alfonso's final diagnosis was corneal scar post foreign body.

Most recently, Mr. Alfonso consulted a neurologist for persistent facial numbness around his nose and numbness in his right thumb. Dr. Edward Bass examined him noting he had soft tissue injuries to his face as well as an injury to the nerves in his nose and the radial nerve branches of his thumb. Dr. Bass ordered CT scans which were performed on February 6, 2002, and revealed metallic foreign bodies in the soft tissues of the right side of his nose. Dr. Bass advised Mr. Alfonso that it would be very difficult if not impossible to remove the metal lodged in his body. Consequently, the doctor advised Mr. Alfonso he would just have to live with his symptoms.

Mr. Alfonso is constantly reminded of the gun accident. His nose, thumb and face remain numb. He has a lump of metal buried under his lip which bothers him all the time. Periodically, small pieces of metal still push out of his skin. Indeed, he recently consulted a plastic surgeon to remove a jagged piece of shrapnel that had migrated close to the edge of his skin by his lip. Furthermore, as you can well imagine, Mr. Alfonso is now very nervous about shooting a gun and it has put a large damper on his favorite passion of hunting. Moreover, since the accident Mr. Alfonso noted blurry vision and now has to wear reading glasses. Finally, his rifle and scope were ruined in the accident costing him approximately $700.

Mr. Alfonso's medical expenses from this accident are approximately $2,000 and have been paid by his health insurance carrier which has asserted a subrogation lien.

Please accept the foregoing as a demand to both United States Repeating Arms Company and Olin for the injuries caused to Mr. Alfonso on December 11, 1999. Based on the seriousness and the permanency of his injuries, we are recommending Mr. Alfonso settle his claim in the amount of $100,000. I will calendar this matter for 30 days and hope to hear from you within this time frame.

Very truly yours,

W. JAMES KELLY, P.A.

for W. James Kelly

WJK/clp

enclosures

cc: Thomas M. Alfonso (without enclosures)